

AUTHOR'S EMAIL ADDRESS:
lhepler@gmsr.com

Law Offices
Greines, Martin, Stein & Richland LLP
50 California St., Suite 1500
San Francisco, CA 94111
P: (415) 315-1774
www.gmsr.com

February 2, 2023

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
Post Office Box 193939
San Francisco, California 94103-1526

  Re: *In-N-Out Burgers v. Zurich American Insurance Company*,
     Case No. 22-55266 – Appellee's FRAP 28(j) submission

Dear Honorable Judges:

On January 31, 2023, a panel of this Court decided *AECOM v. Zurich American Ins. Co.*, No. 22-55092. The panel there did exactly what we urged the Court to do here in our letter of January 6: it recognized that the pendency of *Another Planet* does not impede affirmance based on Zurich's Contamination Exclusion.

1. *AECOM* affirmed dismissal because "[Zurich's] 'Contamination' exclusion in [the] policy precludes coverage here"—regardless of the policyholder's allegation that "the presence of Covid virus particles at an insured's property constitutes 'direct physical loss of or damage to' such property." *AECOM* at 2; Ans. Br. 41–44.

2. As a result, *AECOM* denied any stay to await the California Supreme Court's decision whether to accept certification in *Another Planet Entertainment, LLC v. Vigilant Ins. Co.*, 56 F.4th 730 (9th Cir. 2022). *AECOM* at 2, n.1; Ans. Br. 53–54 (opposing certification).

Molly C. Dwyer, Clerk of the Court
Re: *In-N-Out Burgers v. Zurich American Insurance Company*
February 2, 2023
Page 2

In reaching the first conclusion, *AECOM* specifically held that "[t]he policy's 'Louisiana Endorsement' applies only in Louisiana." *AECOM* at 5. The panel's rationale supports Zurich's arguments here about that same Endorsement, within the same policy structure.

- "No reasonable reader of the policy," *AECOM* said, "could fail to recognize that the 31 state-specific endorsements are intended to modify the policy's terms solely with respect to the particular state at issue. Indeed, the policy cannot reasonably be read otherwise, because several of the state-specific endorsements (including the Louisiana Endorsement) make mutually inconsistent replacements of the same underlying sections of the policy …." *Id.* Zurich so contends here (Ans. Br. 46–49); *contra* AOB 31–35, Reply Br. 28–30.

- *AECOM* relied on the same precedent Zurich cited here. *AECOM* at 5, citing *Am. Int'l Specialty Lines Ins. Co. v. Cont'l Cas. Ins. Co.*, 49 Cal. Rptr. 3d 1 (Ct. App. 2006); Ans. Br. 51–52. And *AECOM* rejected the same argument for distinguishing that case as In-N-Out makes. *AECOM* at 5; Reply Br. 30.

- *AECOM* deemed "irrelevant" a fact that In-N-Out also tries to raise—"that Zurich subsequently amended its Louisiana Endorsement to make its state-specific application explicit." *AECOM* at 6; Ans. Br. 50; AOB 35.

        Respectfully submitted,

        GREINES, MARTIN, STEIN & RICHLAND LLP
          Laurie J. Hepler and Stefan C. Love

         s/ *Laurie Hepler*
            Laurie J. Hepler

        Counsel for Appellee
        ZURICH AMERICAN INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 2, 2023.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

*Pauletta L. Herndon*
Pauletta L. Herndon