

Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor | Los Angeles, CA 90017-5524 | tel 213.488.7100 | fax 213.629.1033

Robert L. Wallan
tel: +1.213.488.7163
robert.wallan@pillsburylaw.com

March 6, 2023

Ms. Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *In-N-Out Burgers v. Zurich American Insurance Company*,
Case No. 22-55266

Dear Ms. Dwyer:

Appellant In-N-Out submits this response to Appellee Zurich American Insurance Company's March 3 letter, ECF No. 40, which argues that *Best Rest Motel, Inc. v. Sequoia Ins. Co.*, — Cal. Rptr. 3d —, 2023 WL 2198660 (Ct. App. Feb. 24, 2023) supports affirmance.

Zurich is wrong.

In *Best Rest,* evidence showed "several" guests and employees became infected with COVID-19, requiring one motel room to be closed for ten days.[1] *Best Rest* does not apply because it does not address a pleading motion. Further, as explained in our January 9 letter brief, Docket No. 32, *Shusha, Inc. v. Century-Indemnity Insurance Co.*, No. B313907, WL 18110247 (Cal. Ct. App. Jan. 5, 2023) rejected the same causation argument Zurich makes here. *Id*. at pp. 19-20.

---

[1] In contrast, In-N-Out alleges that more than 5,000 of its associates tested positive and company-wide dining room closures and business interruption losses.

Ms. Molly C. Dwyer, Clerk of the Court
March 6, 2023
Page 2

      There has not been an opportunity for In-N-Out to present evidence. Thus, Zurich is wrong in arguing that In-N-Out's losses were caused by customer decisions and government orders and not at all because of the virus. "Causation is generally a question of fact for the jury, unless reasonable minds could not dispute the absence of causation." *See*, *Lombardo v. Huysentruyt*, 91 Cal.App.4th 656, 666 (2001).

Respectfully submitted,

Robert L. Wallan
Partner

Counsel for Plaintiff-Appellant In-N-Out Burgers